UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **AUSTIN RAY SLAUGHTER** | **CIVIL ACTION NO. 18-730-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **WARDEN JERRY GOODWIN** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a petition for writ of <u>habeas</u> <u>corpus</u> filed by <u>pro</u> <u>se</u> petitioner Austin Ray Slaughter ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was received and filed in this court on May 31, 2018. Petitioner is incarcerated at the David Wade Correctional Center in Homer, Louisiana. He challenges his state court conviction and sentence. He names Warden Jerry Goodwin as respondent.

On August 22, 2014, Petitioner pleaded guilty to one count of aggravated incest in Louisiana's Twenty-Sixth Judicial District Court, Parish of Bossier and was sentenced to ten years imprisonment at hard labor.

In support of this petition, Petitioner alleges (1) he was convicted in violation of the United States Constitution, (2) the court exceeded its jurisdiction because the statute he

was convicted under did not exist when he was charged, pleaded guilty and was sentenced, and (3) he is actually innocent.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. Section 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. Section 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of four possible dates, as follows[1]:

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review";

2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action";

3. the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

4. the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1).

---

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. See 28 U.S.C. § 2244(d)(2).

Therefore, in order for a petition to be considered timely, it must be filed within one year from the most recent date provided by subsections (1) through (4). In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner was convicted and sentenced on August 22, 2014. Petitioner did not seek direct review of his conviction and sentence. Thus, his conviction and sentence became final on September 21, 2014, when the delay for filing for an appeal expired and no appeal was filed. See La. C.Cr.P. art. 914.

The federal petition currently before the court was received and filed in this court on May 31, 2018, and signed by Petitioner on May 25, 2018. Since the federal clock began ticking on September 21, 2014 and Petitioner had one full year in which to file his federal petition, Petitioner would have had to file this petition on or before September 21, 2015. This petition was not filed until May 2018 at the earliest, more than two years too late.

It appears that Petitioner's first state petition for post-conviction relief did toll his federal one-year limitation period, but that Petitioner is still untimely. See supra footnote 1. Petitioner's one year federal limitation period began on September 21, 2014 and continued until he filed his first state post- conviction relief application in the trial court on March 12, 2015, encompassing approximately 172 days of the limitation period. From that point, the limitation period was tolled until May 26, 2017, when the Supreme Court of

Louisiana denied relief.[1]  State ex rel. Roberson v. State, 2014-0181 (La. 10/3/14), 149 So.3d 790.  Petitioner then had approximately 193 days, or until December 5, 2017, to file his federal petition for a writ of habeas corpus in this court.  Petitioner did not file his petition in this court until May 2018 at the earliest.   Petitioner's second post-conviction relief application was filed in the state trial court on August 25, 2016 and was denied by the state trial court on September 28, 2017, as procedurally barred pursuant to La. C.Cr.P. arts. 930.4 and 930.8.  Petitioner's second application for post-conviction relief was not properly filed and did not toll his federal one-year limitation period.  Thus, the time in which the limitation period was running exceeded 365 days and Petitioner's federal habeas claim is time-barred.

For the foregoing reasons, Petitioner's habeas petition should be dismissed because it is time barred by the one-year limitation period imposed by the AEDPA.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred by the one-year limitation period imposed by the AEDPA.  See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1/6/99).

---

[1] This court notes that the Louisiana Code of Criminal Procedure provides that a judgment on direct appeal becomes final when the delay (14 days from rendition of judgment) for applying for a rehearing has expired and no application for rehearing has been made. Art. 922. However, the Louisiana Code of Criminal Procedure provides no such provision for applications for post-conviction relief. However, even if this court gave Petitioner the benefit of the doubt and applied the appellate provisions to his application for post-conviction relief, his petition would still be untimely.

## OBJECTIONS

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b).  Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the

date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 13th day of September, 2018.

Mark L. Hornsby
U.S. Magistrate Judge